IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Donnal,                                    Case No. 3:08 CV 932

                Petitioner,          MEMORANDUM OPINION
                         AND ORDER
      -vs-
                         JUDGE JACK ZOUHARY
Michael Sheets,

                Respondent.

*Pro se* Petitioner Edward Donnal filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in custody of the State of Ohio and asserts ten separate grounds for relief, alleging various violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

This case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). The Magistrate recommended that the Court dismiss the Petition (Doc. No. 11), and Petitioner filed an Objection to the Recommendation (Doc. No. 14). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has reviewed the Magistrate's conclusions de novo.

### FACTUAL AND PROCEDURAL HISTORY

In February 2005, the Allen County, Ohio Grand Jury indicted Petitioner on one count of rape, a violation of R.C. § 2907.02(A)(1)(b), and two counts of engaging in unlawful sexual conduct with a minor, a violation of R.C. § 2907.04(A) & (B)(3).  In February 2006, a jury found Petitioner guilty on all three counts.  At Petitioner's March 2006 sentencing, Judge Jeffrey Reed deemed Petitioner a sexually oriented offender as defined in R.C. § 2950.01 and sentenced him to consecutive prison terms of nine, four, and four years under the three counts, for a total sentence of seventeen years.  Petitioner, through counsel, filed a direct appeal to the Ohio court of appeals.

In April 2007, the court of appeals affirmed the conviction.  Petitioner prepared a *pro se* notice of appeal to the Ohio Supreme Court and delivered the documents to the prison mail room on May 21, 2007, three days before the 45-day filing deadline expired.  According to Petitioner, the prison mail office held his mail until it determined that he had sufficient funds in his account to cover postage (Doc. 1, Ex. A).  The record is unclear as to when prison officials actually mailed the letter, but his letter reached the Supreme Court on May 25, one day after the deadline had passed, and his appeal was rejected as untimely (Doc. No. 1, Ex. B, p. 2).

In June and July 2007, Petitioner attempted to submit a notice of delayed appeal to the Supreme Court of Ohio, but both attempts were rejected due to failure to comply with filing requirements (Doc. No. 1, Ex. B, p. 3-4).  Petitioner finally filed a proper motion for delayed appeal in August 2007.  The Supreme Court denied the motion and dismissed the case in September 2007 (Doc. No. 1, Ex. B, p. 23).

In the interim, Petitioner also filed an application to reopen his appeal in the Ohio court of appeals on July 5, 2007.  The court of appeals denied his application on October 12, 2007 (Doc. No. 1, Ex. B, p. 24).  Petitioner appealed that denial to the Ohio Supreme Court on November 15, 2007. The Supreme Court dismissed that appeal on January 23, 2008 (Doc. No. 1, Ex. B, p. 28).  Petitioner then timely filed the instant Petition on April 11, 2008.

## DISCUSSION

Petitioner asserts ten grounds for habeas relief: (1) he was improperly denied access to the victim's records; (2) the trial court erred in admitting "other acts" evidence; (3) there was an impermissible delay in serving Petitioner with an arrest warrant; (4) the judge participated in the plea bargaining process; (5) he was denied his right to a speedy trial; (6) the state prosecutor made prejudicial comments, to which trial counsel failed to object; (7) his sentence was unfair; (8) the jury was not allowed to take notes; (9) appellate counsel provided ineffective assistance; and (10) the trial court erred in refusing to admit Petitioner's work records.

### Procedural Default -- Grounds One and Two

This Court agrees with the Magistrate's conclusion that Grounds One and Two are procedurally defaulted and therefore not subject to habeas review.  A petitioner may not raise a claim in a federal habeas proceeding when he was prevented from raising that claim in state court because of a failure to comply with a state procedural rule.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A state procedural default will preclude habeas review when (1) the state procedural rule is applicable to the petitioner's claim and petitioner failed to comply with the rule; (2) the state actually enforced the procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review.  *Id*.  If these three elements

3

are present, the petitioner must demonstrate cause for the procedural default and actual prejudice

resulting from the alleged constitutional error.  *Id.*  Alternatively, a showing of actual innocence --

based on new, reliable evidence -- will overcome procedural default and allow a federal habeas court

to review a claim.  *House v. Bell*, 547 U.S. 518, 536-537 (2006).

 Here, the state procedural bar at issue for Grounds One and Two is failure to comply with the

Ohio Supreme Court filing deadlines.  *See* Ohio Sup. Ct. R. II, Sec. 2(A)(1) (requiring a notice of

appeal to the Ohio Supreme Court within 45 days of the date of the state court of appeals decision).

Although Petitioner did raise Grounds One and Two on direct appeal (Doc. No. 6, Ex. 13), he

submitted his subsequent appeal to the Ohio Supreme Court one day late, and the Supreme Court

denied his motion for a delayed appeal.  Failure to comply with the filing deadline satisfies the first

three prongs of the *Maupin* test.  *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-432 (6th

Cir. 2006) (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)).  Thus, the burden is on

Petitioner to show both cause for the delay and actual prejudice.

 Petitioner argues that he submitted his appeal materials to the mail room at his prison facility

three days before the filing deadline, which, he asserts, should have been adequate time for the

materials to arrive at the Supreme Court.  He claims prison officials held the materials until they

determined he had sufficient funds in his account to cover postage.[1]  Petitioner compares his situation

to that of the inmate in *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003).  In *Maples*, a habeas petitioner

called the prison mail room five days before the filing deadline to inquire about postage rates.  *Id.* at

---

[1]

Petitioner, in his motion for delayed appeal to the Ohio Supreme Court, also claimed there was an
unannounced change in prison mailing procedure that contributed to the delay (Doc. No. 1, Ex. A).  Petitioner
did not renew this argument in his Traverse (Doc. No. 9) or Objection (Doc. No. 14).  In any event, it does not
appear from the record that the change actually delayed the mailing of Petitioner's appeal; he merely had to
take his materials to a different location in the prison, which he evidently did that same day.

435.  The prison mail room told him to call back two days later, which he did; the petitioner then delivered his application to the mail room either two or three days before the filing deadline, and the application arrived at the court one day late. *Id.* The Sixth Circuit found there was "no doubt that [the materials] would have been timely delivered" to the court if the prison "had accepted and mailed Maples's petition when he first attempted to deliver it – five days before the state's deadline[.]" *Id.* at 439.  The court held that "[t]he prison officials' inaction . . . present[ed] an objective factor external to the defense that impeded efforts to comply with the State's procedural rule," which was adequate cause for the procedural default. *Id.* (internal quotations omitted).

The instant case is distinguishable from *Maples* in two ways.  First, Petitioner delivered his appeal to the prison mail room only three days before the deadline, rather than five days.  Therefore, unlike the Sixth Circuit in *Maples*, this Court cannot say there is "no doubt" the petition would have arrived on time had prison officials acted promptly.  Second, there is no evidence in the record suggesting prison officials did *not* act promptly in mailing Petitioner's materials.  The fact that officials did not mail his materials until they ascertained his ability to pay for postage is not evidence of official "inaction."  Indeed, Petitioner has not even argued that the prison officials' conduct was contrary to normal prison policy.  Petitioner has therefore failed to meet his burden to show cause for the procedural default.

The Ohio Supreme Court's denial of Petitioner's subsequent motion for a delayed appeal does not affect this conclusion. This denial was an enforcement of a state procedural sanction, not a ruling on the merits of Petitioner's claims, so Grounds One and Two remain procedurally defaulted. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (holding that the Ohio Supreme Court's denial of a motion for delayed appeal is a procedural ruling).  Furthermore, Petitioner has not pointed to any

new evidence showing his actual innocence that could serve as a gateway to his defaulted claims. Thus, the Magistrate correctly dismissed Grounds One and Two.

**Procedural Default -- Grounds Three, Four, Five, Six, Seven, Eight, and Ten**

Grounds Three, Four, Five, Six, Seven, Eight, and Ten were not presented to the state court on direct appeal (Doc. No. 6, Ex. 13).  Petitioner therefore failed to exhaust the state court remedies available for these claims, so they too are procedurally defaulted.  *See, e.g.*, *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir. 2006) (holding that a state prisoner's failure to raise a claim on direct appeal in state court constituted procedural default for federal habeas purposes).  Petitioner has set forth no facts demonstrating cause for the default.   Accordingly, this Court adopts the Magistrate's recommendation to dismiss Grounds Three, Four, Five, Six, Seven, Eight, and Ten.

**Ineffective Assistance of Appellate Counsel -- Ground Nine**

The Magistrate correctly concluded that Ground Nine -- ineffective assistance of appellate counsel -- is the sole issue preserved for habeas review.  Petitioner raised this issue in his application to reopen his state appeal, which was denied by the Ohio court of appeals and Ohio Supreme Court. To establish an ineffective assistance of appellate counsel claim, Petitioner must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different.  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Counsel need not raise every non-frivolous claim on appeal, and there is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Id.*

In his habeas petition, Petitioner contends appellate counsel failed to (1) emphasize a *Brady* violation by arguing the probative value of a co-defendant's suicide note, (2) argue that the victim's

6

testimony about prior sexual activity with Petitioner was inadmissible, and (3) argue that a co-defendant's testimony about Petitioner's childhood was unduly prejudicial.  After de novo review, this Court finds the Magistrate's reasoning persuasive and agrees that none of Petitioner's arguments establish a claim for ineffective assistance of appellate counsel.

First, with regard to the alleged *Brady* violation, Petitioner's appellate counsel did in fact argue that a number of records, including the co-defendant's suicide note, should have been turned over to Petitioner (Doc. 6, Ex. 13).  The state court of appeals agreed, holding that the note should have been disclosed, but that its suppression was harmless error because the note said nothing about Petitioner himself (Doc. 6, Ex. 15).  Petitioner contends counsel should have been more aggressive in highlighting the note's exculpatory value in order to persuade the court the error was prejudicial.  But, as the Magistrate noted, appellate counsel was quite diligent in bringing the *Brady* issue to the court's attention in the first place (Doc. No. 11, p. 13).  The court's eventual conclusion that the error was harmless does not mean counsel's performance in this regard was constitutionally deficient.

Petitioner's second argument -- that appellate counsel failed to adequately object to the victim's "other acts" testimony -- is also without merit.  Appellate counsel did raise the issue of the victim's testimony about prior sexual activity with Petitioner (Doc. 6, Ex. 13), but Petitioner now argues counsel should have made an additional, specific argument based on the Ohio Rape Shield Statute.[2]  Petitioner believes counsel should have argued that evidence of the victim's prior sexual

---

2

The pertinent portion of the statute reads: "Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."  Ohio R.C. § 2907.02(D).

7

activity can only be admitted to show origin of semen, pregnancy, or disease.  The Magistrate

correctly concluded that Petitioner misreads the statute, which explicitly provides that such evidence

can also be used to show past sexual activity with the offender -- the circumstance under which it was

admitted in Petitioner's case.  Petitioner's counsel did not err by failing to raise this legally baseless

argument.      Finally, Petitioner's appellate counsel did not err by failing to highlight the prejudicial

nature of the co-defendant's testimony.  Counsel argued that the trial court used the incorrect standard

in admitting the testimony, and that under the correct standard, the court should have barred the

testimony as overly prejudicial.  Petitioner's counsel was diligent in raising and arguing this issue;

Petitioner was not denied his constitutional rights simply because the appellate court was unpersuaded

by counsel's arguments.  Thus, Petitioner has not shown that his appellate counsel's performance fell

below the standard of objective reasonableness, and Ground Nine fails as well.

### Evidentiary Hearing

Petitioner also requested an evidentiary hearing.  This Court agrees with the Magistrate that

no factual development is necessary to decide Petitioner's habeas claims.  As explained above, nine

of the ten claims are procedurally defaulted, and Petitioner's ineffective assistance of counsel claim

can be decided on the current record.  Accordingly, Petitioner's request for an evidentiary hearing is

denied.  *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (approving denial of an evidentiary

hearing "on issues that can be resolved by reference to the state court record") (internal quote

omitted).

8

## CONCLUSION

For the reasons stated above, the Petition for Writ of Habeas Corpus is denied.  Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
        JACK ZOUHARY
        U. S. DISTRICT JUDGE

        September 24, 2009